IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| ROSHANDA HAINEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-482-A |
| | § | |
| U.S. BANK, NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the amended notice of removal filed in the above-captioned action by defendants, (1) U.S. Bank, National Association, as Trustee ("U.S. Bank"), (2) Ocwen Loan Servicing, LLC ("Ocwen"), and (3) Angel Reyes & Associates, P.C. ("Reyes"). Defendants have alleged diversity of citizenship under 28 U.S.C. § 1332 as the sole basis for removal. Having considered the amended notice of removal and the original state court petition of plaintiff, Roshanda Hainey, attached thereto, the court concludes that defendants have failed to sufficiently allege the required amount in controversy, and that the case should be remanded to the state court from which it was removed.

I.

Background

Plaintiff initiated this action by filing her original petition against defendants on June 3, 2013, in the District Court of Tarrant County, Texas, 153rd Judicial District, as Cause No. 153-266209-13. Defendants then removed the action to this court. On June 28, 2013, pursuant to this court's order, defendants filed their amended notice of removal. Defendants allege that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiff and defendants,[1] and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

In the prayer of her petition, plaintiff does not state a specific amount of damages. Nor is there any other statement of the amount of damages contained elsewhere in the petition. However, defendants contend that because plaintiff is seeking declaratory or injunctive relief regarding the right to property, the amount in controversy is the value of the subject property, which defendants assert is $136,900.00. Defendants argue that

---

[1] As plaintiff's original petition now stands, the parties are not completely diverse; however, defendants allege that Reyes was joined improperly to defeat federal jurisdiction. Because the court concludes that defendants have failed to properly allege that the amount in controversy is satisfied, the court need not decide whether Reyes was properly joined.

2

the value of the property plus the unspecified monetary relief requested by plaintiff satisfy the amount in controversy. In support of their position, defendants cite to legal authority standing for the proposition that the right, title, and interest plaintiff has in the property constitutes the proper measure of the amount in controversy in an action such as this one, where plaintiff could be divested of the property entirely or could quiet title in the property free and clear of defendants' liens. 2d Am. Notice of Removal at 5-6.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action meets or exceeds the required amount.

II.

Basic Principles

The court begins with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.

2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the

object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

### III.

### Analysis

Plaintiff's petition does not make a demand for a specific amount of damages, does not specify a dollar amount of recovery sought that is at least $75,000.00, and does not define with specificity the value of the right it seeks to protect or the extent of the injury it seeks to prevent. As a result, the court evaluates the true nature of plaintiff's claims to determine the amount actually in controversy between the parties.

The true nature of this action is for plaintiff to maintain possession of residential property she used as security for the making of a loan. As the petition alleges, plaintiff pursues these goals by seeking an order (1) barring any foreclosure or forcible detainer proceedings and quieting title in her favor; and (2) requiring defendants to refund any wrongfully collected fees, charges, and payments; and (3) attorney's fees. Am. Notice of Removal, Ex. B1 at 3. Thus, considering plaintiff's original petition, the court has not been provided with any information from which it can determine that the value to plaintiff of such relief is greater than $75,000.00.

5

Defendants contend that the fair-market value of the property should serve as the amount in controversy because plaintiff requests equitable relief to enjoin defendant from foreclosing on the property. Am. Notice of Removal at 5. Defendants rely on the oft-cited argument that when equitable relief is sought, the amount in controversy is measured by the value of the object of the litigation, and when a mortgagor is attempting to protect his property, the fair market value of the property is the amount in controversy. Id. (citing Martinez v. BAC Home Loans Servicing, L.P., 2010 WL 6511713, at *7 (W.D. Tex. Sept. 24, 2010)). In the amended notice of removal, defendants suggest that the value of the property is approximately $136,900.00. Id. at 6. Defendants also argue that because plaintiff is seeking to avoid foreclosure and currently owes over $160,000.00 on the loan, the value to her of avoiding foreclosure is at least $160,000.00.

The court is not persuaded that the above figures supply the basis for plaintiff's interest in the property, especially given that plaintiff herself has not pleaded how much equity she has in the property. Defendants do not cite to, nor can the court discern, any such statement in the petition to support a finding that the value of the property is the amount in controversy. That is, for example, defendants' attribution of the $136,900.00

figure or the $160,000.00 figure as damages is an act of their own doing--not plaintiff's. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[2]

Plainly, the sole goal of plaintiff's action is to avoid or delay a foreclosure sale and to be able to retain possession of the property. Nothing is alleged that would assign a monetary value to plaintiff's accomplishment of those goals. While plaintiff appears to request equitable relief based on a claim that she is entitled to hold legal title in the property, she does not assert that such relief is based on a claim that she has outright ownership of the property, free from any indebtedness. Indeed, plaintiff makes statements to suggest that her ownership of the property is encumbered by a debt, as the petition describes a note and deed of trust, and questions whether defendant is the rightful owner or holder of the note and deed of trust. The value to plaintiff of her rights in the litigation

---

[2] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

is, at most, the value of her interest in the property, not the value of the property itself or the amount defendants allege is owed on the loan. Thus, defendants have not established the value of plaintiff's interest in the property.

Defendants have not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendants to persuade the court that subject matter jurisdiction exists.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED July 1, 2013.

_____
JOHN McBRYDE
United States District Judge